1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARY J. MCKENZIE, | ) | 1:10cv02036 AWI DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING |
| | ) | PETITION FOR FEES |
| v. | ) | |
| | ) | (Document 22) |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on a petition for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on February 24, 2012, by Plaintiff Mary H. McKenzie ("Plaintiff"). Defendant did not file an opposition.

The matter is currently before the Court on the parties' briefs, which were submitted to the Honorable Dennis L. Beck, United States Magistrate Judge.

**BACKGROUND**

Plaintiff filed the instant Complaint challenging the denial of benefits on November 1, 2010.

On December 2, 2011, the Court issued Findings and Recommendations that the action be remanded for payment of benefits. The Findings and Recommendations were adopted on January 27, 2012, and judgment was entered in Plaintiff's favor.

1    By this motion, Plaintiff seeks a total of $7,045.33 for 36.95 hours of attorney time and

2    3.65 hours of paralegal time.  Declaration of Harvey P. Sackett in Support of Application

3    ("Sackett Dec."), ¶ 4.

4                                    **DISCUSSION**

5    Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the

6    government demonstrates that its position in the litigation was "substantially justified," or that

7    "special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A).  An award of

8    attorney fees must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

9    "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award,

10   and charges that are not properly billable to a client are not properly billable to the government.

11   *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  A court has wide latitude in determining the

12   number of hours reasonably expended. *Cunningham v. County of Los Angeles*, 879 F.2d 481,

13   484 (9th Cir. 1988).

14   Here, Defendant has failed to file an opposition and has therefore failed to carry its

15   burden of demonstrating that its position in the litigation was substantially justified, or that

16   special circumstances make an award unjust.[1]

17   Despite Defendant's failure to oppose the request, the Court must determine whether the

18   requested fees are reasonable.  According to his Declaration, Mr. Sackett spent a total of 36.95

19   hours in litigating this action, beginning with the review of the Appeals Council decision in

20   September 2010 and culminating with the filing of this EAJA motion in February 2012.  Sackett

21   Dec., ¶ 4.  These hours include time spent reviewing the Administrative Record, preparing the

22   Confidential Settlement Letter, performing legal research, reviewing Defendant's filings and

23   preparing this EAJA motion and accompanying declaration.  Sackett Dec., ¶ 4.  The Court finds

24   this to be a reasonable amount of time.

25   _____

26   [1] The Court's Electronic Filing System provided notice of the motion to Defendant's counsel on the date the
     motion was filed, February 24, 2012.  Defendant's counsel was also provided with notice of Plaintiff's April 3, 2012,

27   filing informing the Court that Defendant did not oppose the motion.

28   Plaintiff's counsel, Harvey P. Sackett, states that Defendant also failed to respond to his February 2, 2012,
     informal "meet and confer" letter.  Declaration of Harvey P. Sackett in Support of Request to Enter Default, ¶ 3.

1        Plaintiff also requests compensation for 3.65 hours of paralegal time.  EAJA authorizes

2 reimbursement for "work performed not only by attorneys but also by persons doing 'tasks

3 traditionally performed by an attorney and for which the attorney would customarily charge the

4 client,' regardless of whether a licensed attorney, paralegal or law clerk performed them."

5 *Priestly v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011) (internal citations omitted).  A review of the

6 time reveals that Plaintiff's request for 3.65 hours of paralegal time, at a rate of $106.00 per hour,

7 is reasonable.  Sackett Dec., ¶ 4.

8 **AWARD**

9        Plaintiff's motion is GRANTED.  Plaintiff is entitled to an award in the total amount of

10 $7,045.33 broken down as follows[2]:

11        2.6 hours at $175.06 per hour = $455.16

12        34.35 hours at $180.59 per hour = $6,203.27

13        3.65 hours at $106.00 per hour=$389.90

14        This amount is payable to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

15        IT IS SO ORDERED.

16        **Dated:   April 16, 2012**             **/s/ Dennis L. Beck**

17                         UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

---

[2] The hourly rates for legal work performed in 2010 and 2011 are taken from the Ninth Circuit's website, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.